

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

August 13, 2020

**Via Email**
Hon. Michael P. Shea
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street – Room 217
Hartford, Connecticut 06103

      Re:    R & I Trading of New York, Inc. et al. v. EAI et al. (20-cv-00074)(MPS)

Your Honor:

    I represent the Plaintiffs in this action. I write, pursuant to the Court's Instructions for Discovery Disputes, to notify the Court of an unresolved discovery dispute and to set forth Plaintiffs' position. In short, the document production of defendant Executive Aircraft Interiors LLC ("EAI") is deficient in several important respects. Plaintiffs have been more than patient in waiting for a complete production, and are now forced to bring the issue to the Court's attention.

    I.    The Dispute

    This breach of contract action arises out of EAI's admittedly unsatisfactory and defective attempt to refurbish the interior of a private aircraft. We characterize EAI's work in those terms, because EAI entered into an agreement with R & I Trading of New York, Inc. ("R & I"), in July 2018, in which EAI acknowledged, *inter alia*, that its work is unsatisfactory and defective. EAI then repudiated and abandoned its obligations under the parties' July 2018 agreement. Thus, this is primarily a case to compute Plaintiffs' damages in light of EAI's clear breach of contract.

    On May 21, 2020, Plaintiffs served their first demand for documents and interrogatories on EAI. EAI never served responses or objections to the document demands. We have received a couple of installments of documents, along with some photographs. By letter to EAI's counsel dated June 28, 2020, we took issue with, *inter alia*, the presence of "very few email communications" in EAI's document production. In the parties' joint status report filed on July 21, 2020, Plaintiffs noted the non-production of: (i) any emails from 2018; (ii) any internal email communications of any kind; or (iii) any emails between EAI and Jet Interiors LLC ("Jet Interiors"). Indeed, in 2019, EAI entered into a transaction with Jet Interiors, pursuant to which, *inter alia*, assets of EAI were transferred to Jet Interiors. As asserted in the Amended Complaint, we believe that Jet Interiors is a successor to EAI.

    In his letter to the Court on this dispute, EAI's counsel states that we should get the EAI-Jet Interiors transaction file from EAI's corporate attorney within a week. What is left unaddressed, however, are the glaring deficiencies with respect to EAI's production of e-mails:

[1126611-1]

- The parties' initial agreement was entered into in 2018, and yet EAI has not produced a single e-mail of any kind from 2018.
- No intra-company EAI emails were produced of any kind, for any period of time.
- No e-mails were produced regarding the EAI-Jet Interiors transaction.
- No e-mails were produced between EAI and Jet Interiors regarding the project at issue, despite the fact that Seth Newman of Jet Interiors was clearly involved and speaking to EAI's principal and sole member, Seeram James, about this project.
- In EAI's letter submitted today, it claims that "the bulk of the emails are on the work computers, which are not in the possession this defendant." It appears from EAI's document production that Seeram James (EAI's sole member and principal) used a Gmail account (sbmjk4@gmail.com) to discuss the project. Therefore, it makes no difference that EAI's "work computers" are now in the possession of its successor, Jet Interiors.
- EAI has not made a thorough and careful search for responsive documents. Just by way of example, we are in the possession of an e-mail sent on September 17, 2019, by Plaintiffs' representative to Seeram James, that is directly relevant to the parties' dispute. That e-mail is absent from EAI's document production; but EAI did produce an email sent by Seeram James to the same individual, from the same email account, on September 18, 2019.
- EAI should be required to disclose what e-mail custodians it is using to locate and gather responsive e-mails and documents. It is our understanding that EAI had multiple employees at the time in question, so a search of Mr. James's Gmail account, on its own, is not adequate.
- EAI's counsel also sent an email to Plaintiffs' counsel on August 4, suggesting that EAI had a company email account. We have not seen any e-mails from EAI's company account in EAI's document production.

II.   Plaintiffs' Position

EAI does not contest that these e-mail communications were requested; and any objections have been waived. EAI has not made an adequate effort to gather and produce responsive e-mails regarding: (i) the project at issue; or (ii) the EAI-Jet Interiors transaction. Plaintiffs ask that EAI be directed to disclose what e-mail custodians and e-mail addresses it is using to locate responsive communications. Plaintiffs also ask that EAI be ordered to make a thorough search for responsive communications and produce those e-mails by August 27, along with the transaction file. Due to these discovery deficiencies, and the recent addition of Jet Interiors as an additional defendant, Plaintiffs intend to file a motion to extend most dates in the Scheduling Order by sixty days.

III.   Certification of Good Faith

I certify that Plaintiffs have endeavored to resolve these issues, in good faith, as required by the Federal and Local Rules.

Respectfully submitted,

s/ Michael P. Regan

Copy: Mark Lee, Esq. (by e-mail)

[1126611-1]