

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

October 5, 2020

**Via Email**
Hon. Michael P. Shea
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street – Room 217
Hartford, Connecticut 06103

   Re: R & I Trading of New York, Inc. et al. v. EAI et al. (20-cv-00074)(MPS)

Your Honor:

  I represent the Plaintiffs in this action.  I write, pursuant to the Court's Instructions for Discovery Disputes, to address the ongoing discovery deficiencies of defendant Executive Aircraft Interiors LLC ("EAI"), as set forth in our prior letter, dated August 13, 2020 (enclosed), which gave rise to the Court's Order, dated August 17, 2020 (Doc. No. 44), compelling EAI to produce several missing categories of emails by August 31, 2020 (the "August 17 Order").  Since that time, EAI has produced a <u>single additional email</u>, and has conceded that it is in possession of additional emails that it has not produced.  Thus, EAI is in clear violation of this Court's August 17 Order and appears to be in no hurry to rectify its non-compliance.

  I. <u>The Dispute</u>

  As set forth in our August 13 letter, this action arises out of EAI's admittedly defective attempt to refurbish the interior of a private aircraft.  EAI then repudiated and abandoned its obligations under the parties' July 2018 agreement, which EAI entered into for the purpose of remedying its defective work.  Thus, this is primarily a case to compute Plaintiffs' damages in light of EAI's clear breach of contract.  Plaintiffs have amended their complaint to seek a judgment against Jet Interiors, LLC ("Jet Interiors") as well, for successor liability, based on, *inter alia*, Jet Interiors': (i) acquisition of EAI's business in or around November 2018; (ii) unsolicited involvement in attempting to resolve EAI's contractual obligations to Plaintiffs; (iii) statements to the public that it is "doing business as" EAI; and (iv) general continuation of EAI's business.

  EAI's discovery deficiencies in this case extend back to June.  In the parties' joint status report filed on July 21, 2020 (Doc. No. 30), Plaintiffs noted the non-production of: (i) any emails from 2018; (ii) any internal email communications of any kind; or (iii) any emails between EAI and Jet Interiors.  Those same issues were addressed in Plaintiffs' August 13 letter to the Court.  Since the August 17 Order, EAI has produced a single additional email, from April 2020.  I have followed up with EAI's counsel repeatedly seeking EAI's compliance, but have not received it.

[1126611-1]

At this point, it is becoming clear that EAI has no intention of fulfilling its discovery obligations.  Indeed, a couple of weeks ago, EAI's counsel told me that EAI had sent him a significant number of additional emails, which still have not been turned over.  During the parties' joint telephone call to chambers on September 30, EAI's counsel stated, *inter alia*, that EAI has already turned over all of the responsive emails in its possession.  But that claim is contradicted by the fact that EAI recently supplied its counsel with numerous additional emails, which we still have not received.  Further, Plaintiffs' own document production contains emails with EAI representatives (e.g., P00041 - an email from July 1, 2018), that were not produced by EAI.

Plaintiffs' document production also reveals that EAI's principal, Seeram James, has numerous email accounts that were not adequately searched in response to Plaintiffs' document demands.  Based on what we can tell, Seeram James used two Gmail accounts to discuss the subject matter of this action (smbjk4@gmail.com and eaisj1@gmail.com), a Hotmail account (ExAirInteriors@hotmail.com), and was provided with a Jet Interiors email account (sj1@jetinteriors.com).  Further, Plaintiffs' document production reveals that the email accounts of EAI's other employees (e.g., Chris James [pjames22@gmail.com]) were not adequately searched.  In our August 13 letter, we asked that EAI be required to disclose what e-mail custodians it is using to locate and gather responsive e-mails and documents.  We respectfully ask that the Court direct EAI to identify all email custodians with information responsive to Plaintiffs' document requests, and that EAI thoroughly search the email accounts of those custodians.  It is EAI's responsibility -- not Plaintiffs' -- to identify and search the records of proper custodians.

II.     Plaintiffs' Position

EAI has not made an adequate effort to produce e-mails regarding, *inter alia*: (i) the project at issue; or (ii) the EAI-Jet Interiors transaction.  Plaintiffs ask that EAI be directed to disclose what e-mail custodians and e-mail addresses it is using to locate responsive emails.  Plaintiffs also ask that EAI be ordered to produce all responsive e-mails and documents by October 19, 2020.

Further, in its August 13 letter to the Court, EAI's counsel stated that he expected to obtain the EAI-Jet Interiors closing file "within a week."  The file we received, on August 19, is missing many exhibits and schedules to the asset purchase agreement.  We raised that issue on August 29 (enclosed).  Despite our many requests, EAI has failed to produce a copy of the complete file, which is clearly in the possession of EAI's closing attorney.  We ask that the complete file be turned over by October 19, along with a copy of the consulting agreement between Seeram James and Jet Interiors (which EAI's counsel has alluded to), which we have also repeatedly asked for.

III.    Certification of Good Faith

I certify that Plaintiffs have endeavored to resolve these issues, in good faith, as required by the Federal and Local Rules.

                                                          Respectfully submitted,

                                                          s/ Michael P. Regan

Copy: Mark Lee, Esq. (by e-mail)

[1126611-1]